**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

MICHAEL W. WILLIAMS PLAINTIFF
ADC #112812

V. 4:06CV00861 SWW/HDY

DOES *et al.* DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently incarcerated at the Wrightsville Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on July 26, 2006. In response to a Court order, Plaintiff filed an amended complaint on August 18, 2006 (docket entry #5).[1] Plaintiff asserts that Defendants have been deliberately indifferent to his hip and foot pain. On September 26, 2008, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #77-#79). On October 22, 2008, Plaintiff filed a response (docket entry #83).

## I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

[1]Plaintiff's amended complaint was in the form of a letter, but was docketed as his amended complaint.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's amended complaint, he has been trying to get adequate medical treatment for more than six years for a hip injury, but Defendants have refused to send him to a specialist who might be able to help him. Plaintiff asserts that this has resulted in pain which has transferred down to his foot. This has allegedly led to poor balance, and emotional problems. By an order entered on October 30, 2007, Plaintiff's claims were limited to those arising after July 26, 2003 (docket entry #41).

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239.

Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Based on testing that revealed elevated uric acid levels, Dr. James Branch concluded that Plaintiff likely had gouty arthritis in his foot. There is no dispute that Plaintiff has had a significant amount of treatment for his orthopedic problems, including evaluations, work restrictions, prescription of various pain relievers, provision of special shoes, and radiologic examinations. Plaintiff's only complaint is that he was not sent to an orthopedic specialist, who may have been able to relieve his pain. However, all of Plaintiff's x-rays of his hip and foot have been normal, and Dr. Branch has offered a declaration stating that there was no indication that Plaintiff should have been seen by an orthopedic or foot specialist (docket entry #79, exhibits #2). Dr. Roland Anderson has also provided a declaration opining that Plaintiff's care was appropriate. Plaintiff has offered no medical opinion to the contrary. *See Dulany v. Carnahan*, 132 F.3d at 1240 (In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment). Although Plaintiff now suggests in his response that his physicians should have recognized that he had blood clots that caused his pain, it is clear that his complaint is orthopedic in nature. Additionally, Plaintiff's deposition testimony makes clear that

he had bypass surgery in April of 2006, yet continues to allege problems with his leg and foot. Thus, whatever cardiovascular issues Plaintiff may have had, it is clear they were separate from his hip and foot pain. It is unfortunate that Plaintiff may continue to have problems with pain in his foot and hip, but there is no indication that any Defendant has been deliberately indifferent to his medical needs. The record clearly indicates that Plaintiff has received extensive treatment in an effort to control his pain. Plaintiff's assertion that a orthopedic or foot specialist may be able to offer a solution is merely speculation which is unsupported by any medical evidence, and is at most a disagreement with his medical care. Accordingly, Defendants' motion for summary judgment should be granted.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #77) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this __24__ day of October, 2008.

UNITED STATES MAGISTRATE JUDGE